**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JA'QUALYEN HOGAN**                                        **CIVIL ACTION**

**VERSUS**                                                 **NO. 25-425**

**BP CORPORATION NORTH AMERICA**          **SECTION: D(4)**
**INC., ET AL.**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant BP

Exploration & Production, Inc. ("BP").[1]  Plaintiff Ja'Qualyen Hogan did not file an

opposition to the Motion.  After careful consideration of Defendants' memorandum,

the record, and the applicable law, the Motion is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case involves a 2024 incident on the Thunder Horse Platform owned,

operated, managed and controlled by BP.[2]  At the time of the incident, Plaintiff was

working as an employee for Mistras Group, Inc. ("Mistras"), as a blaster/painter on

the platform.[3]  On September 6, 2024, as Plaintiff and his co-worker, Francisco

Vasquez, were descending the staircase on the upper deck of the starboard side of the

platform, Plaintiff fell backwards, claiming he had tripped over a rope on the top rung

of the stairs.[4]  Plaintiff's co-worker stated that he saw no obstruction on the staircase,

---

[1] R. Doc. 25.

[2] R. Doc. 1 at ¶ 7.

[3] R. Doc. 25-15 at ¶ 3.  The Court draws the factual allegations from the Defendants' Statement of Uncontested Facts, which the Court accepts as true.  L.R. 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").  The Court also supplements Defendants' Statement of Uncontested Facts with allegations from Plaintiff's Complaint.  R. Doc. 1.  The Court uses those facts for context and does not afford them the benefit of the truth.

[4] *Id*. at ¶¶ 4, 9, 11.

although he did find a small piece of rope draped over the top rung of the staircase that had not been present at the time of the fall.[5] Plaintiff's co-worker activated the emergency alarm, and Plaintiff was transported on the onboard medic and subsequently to Terrebonne General Hospital.[6] On February 28, 2025, Plaintiff filed suit in this Court against Defendant, asserting a claim of negligence.[7] Plaintiff claims that the accident was caused by the negligence of Defendant due to its creating and allowing the unsafe condition and work environment, directing the work in question, disregarding rules and regulations, and failing to monitor and negligently monitoring its contractors to properly supervise the tasks being performed, to train its employees to perform tasks safely, to properly maintain the stairs in question, to provide proper equipment, and to provide adequate safety protocols.[8]

Defendant BP Exploration & Production, Inc., filed the instant Motion, asserting that it is entitled to summary judgment on Plaintiff's negligence claim because Plaintiff has no evidence regarding Defendant's alleged breach or the medical causation of his injuries tied to the subject incident.[9] Regarding liability, Defendant contends that it, as principal, is not liable for the actions of an independent contractor, Mistras, in the course of performing its contractual duties.[10] It argues that Plaintiff has no "evidence that defendant exercised operational control of the stairwell

---

[5] *Id.* at ¶¶ 5, 12; R. Doc. 25-3 at pp. 1-2. While Defendant contends that the small piece of rope draped over the top rung of the staircase was not present at the time of the fall, a plain reading of Vasquez's post-incident statement does not necessarily support such a conclusion. Regardless, the Court finds that this fact is immaterial to its ultimate holding on the present motion.

[6] *Id.* at ¶¶ 13-14.

[7] R. Doc. 1.

[8] *Id.* at ¶ 10.

[9] R. Doc. 25.

[10] R. Doc. 25-1 at p. 10.

at issue or directed and supervised the course of his work at the time of his injury."[11] It further urges that it is not liable because "Hogan is responsible for his own alleged injuries, as he acted on his own in traversing the stairs without a sufficient awareness of obvious trip hazards and failing to use the three-point of contact rule when navigating a stairwell."[12] Furthermore, Defendant contends that it did not have contractual operational control over the independent contractor—Mistras—for which Plaintiff worked.[13] Under the Master Agreement contract between Defendant and Mistras, "Mistras followed its own operating procedures as tasks for painting equipment, surface preparation and coating application[,]" and "Mistras was responsible for the management and technical supervision in the performance of its work" because Defendant did not supervise that work.[14] Furthermore, Defendant argues that it did not exercise any actual control over the Plaintiff and that Plaintiff cannot produce "any evidence that any employee or representative of defendant instructed plaintiff to traverse the stairs, [or in] the manner in which to traverse the stairs."[15] Defendant additionally contends that it was not independently negligent under Louisiana law because "platform owners do not owe a duty to protect individuals from hazards created by their independent contractors" and that, here, "defendant did not assume any duty to be responsible for the management and technical supervision of the performance of Mistras' work."[16] Lastly, Defendant states

---

[11] *Id.*
[12] *Id.* at p. 12.
[13] *Id.*
[14] *Id.* The Court refers to the "contract" to include the Master Agreement #CW160438 for Gulf of Mexico Fabric Maintenance Services, Section I and II. *See* R. Doc. 25-5.
[15] *Id.* at p. 13.
[16] *Id.* at p. 14.

that Plaintiff's injuries were not caused by the incident at issue in the present suit and that his post-incident employment in a physically demanding role contradicts his claims of debilitating injury.[17]

Defendant set the Motion for submission on January 6, 2026, making Plaintiff's opposition due on December 29, 2025.[18] Plaintiff did not file a Response. Noting that Plaintiff's counsel had been granted leave to withdraw and that Plaintiff was proceeding *pro se*, the Court held a telephone status conference with the parties on February 13, 2026 to discuss the status of the case and the pending motion.[19] The Court discusses with Plaintiff the pending unopposed Motion for Summary Judgment and, after hearing from Plaintiff, allowed him an additional opportunity to respond to Defendant's Motion.[20] The Court then continued the submission date of the Motion and gave Plaintiff until March 30, 2026 to file any opposition.[21] Despite the Court's extension of the deadline to file a Response, Plaintiff has not filed a Response as of the date of this Order and Reasons.

## II.    LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22]  A dispute is "genuine" if it is

---

[17] *Id.* at pp. 15-18.
[18] R. Doc. 25-16.
[19] R. Doc. 29.
[20] *Id.*
[21] *Id.*
[22] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"real and substantial, as opposed to merely formal, pretended, or a sham."[23]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[24]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[25]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[26]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[27]

If the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[28]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[29]

---

[23] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).

[24] *Anderson*, 477 U.S. at 248.

[25] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citation modified).

[26] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (citation modified).

[27] *Id.* at 399 (citing *Anderson*, 477 U.S. at 248).

[28] *See Celotex*, 477 U.S. at 322–23.

[29] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

Finally, a party moving for summary judgment is not entitled to have their motion granted simply because their motion is unopposed.[30] Rather, its burden remains the same as if the motion was opposed; the moving party must demonstrate that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.[31] That being said, where a party fails to file a response to a summary judgment motion, the court may accept as undisputed all of the facts listed in the moving party's statement of undisputed material facts.[32]

## III. ANALYSIS

Defendant BP argues that it is entitled to summary judgment on Plaintiff's claim of negligence because it is not liable for the negligent acts or omissions of an independent contractor and because it was not independently negligent regarding the subject incident.

As an initial matter, the Court addresses the appropriate law to apply and determines that Louisiana law applies to Plaintiff's claim. The Thunder Horse platform is a fixed structure located on the Outer Continental Shelf of the Gulf of Mexico,[33] and any fixed structure that is attached to the outer Continental Shelf is subject to exclusive federal jurisdiction under the Outer Continental Shelf Lands Act (OCSLA).[34] Louisiana law, as the law of the adjacent state, applies to any disputes

---

[30] *Homelife in the Gardens, LLC v. Landry*, No. 16-CV-15549, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam)).
[31] *Id.*; *see also* Fed. R. Civ. P. 56.
[32] *See Lamelas v. Abud*, No. 22-CV-739, 2023 WL 3340851, at *1 (E.D. La. May 10, 2023) (quoting *Gonzales v. Abdurasulov*, No. 3:22-CV-654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022)); *see also* Local Rule 56.2.
[33] R.Doc. 1 at ¶ 6.
[34] 43 U.S.C. § 1333.

arising from incidents that occur on the Thunder Horse platform.[35] Thus, Louisiana law governs the present action.

## A. The Independent Contractor Defense

Louisiana law provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it" and that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."[36] However, "under Louisiana law, a principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties."[37] A principal can only be liable for the conduct of an independent contractor performing its contractual duties in two instances: (1) when the injuries result "from an ultrahazardous activity by hiring out the work to an independent contractor" and (2) "when the principal retains or exercises operational control" over the independent contractor.[38]

Plaintiff has not alleged, nor is there any record evidence, that Plaintiff was involved in an ultrahazardous activity. Ultrahazardous activities "include pile driving, storage of toxic gas, blasting with explosives, crop dusting with airplanes, and the like, in which the activity can cause injury to others, even when conducted

---

[35] *Id.* ("To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, now in effect or hereafter adopted, amended, or repealed are declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf…").

[36] La. Civ. C. art. 2315-2316.

[37] *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987).

[38] *Id.* at 549-50.

with the greatest prudence and care."[39] Generally the criteria for what constitutes ultrahazardous activity are "(1) the activity must relate to land or some other immovable; (2) the activity itself must cause the injury, and the defendant must be engaged directly in the injury-producing activity; and (3) the activity must not require substandard conduct to cause injury."[40] Defendant contends that the work involved in the present case included "painting, insulation, and fireproofing," none of which could be considered ultrahazardous activities.[41] As there is no record evidence to contradict this evidence, nor does Plaintiff contend otherwise, this mode of liability for a principal does not apply.[42]

The Court also finds that the present situation does not involve operational control by the principal, BP. "[A]bsent an express or implied order to the contractor to engage in an unsafe work practice leading to an injury, a principal…cannot be liable under the operational control exception."[43] When determining whether a principal exercised operational control a court looks to "both the contract between the parties and the extent to which the principal actually exercises control."[44] Here, record evidence demonstrates that BP did not have operational control over the independent contractor, Mistras, or the Plaintiff. The Contract provides that the "CONTRACTOR will provide organizational structure to perform the WORK safely,

---

[39] *Kent v. Gulf States Utilities Co.*, 418 So. 2d 493, 498 (La. 1982) (citing 2 F. Harper and F. James, The Law of Torts, § 14.4 (1956); W. Prosser, The Law of Torts § 78 (4th ed. 1971)).

[40] *Ainsworth*, 829 F.2d at 550 (citing *Perkins v. F.I.E. Corp.,* 762 F.2d 1250, 1267-68 (5th Cir. 1985)).

[41] R. Doc. 25-5 at p. 12; R. Doc. 25-15 at ¶ 19.

[42] Furthermore, Plaintiff does not contend that painting, insulation, or fireproofing are ultrahazardous activities or that he was performing an activity that was ultrahazardous at the time of the incident at issue.

[43] *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997).

[44] *Ukudi v. McMoran Oil & Gas, L.L.C.*, 587 F. App'x 119, 122 (5th Cir. 2014).

efficiently, and in a timely manner to the satisfaction of COMPANY INCLUDING determination of crew makeup necessary to perform the WORK" and that the "CONTRACTOR shall be responsible for the management and technical supervision of the performance of WORK."[45] Plaintiff has presented no evidence to the contrary, and the contract provided by Defendant between BP and Mistras did not provide for BP to retain any control over the work that Mistras performed.[46]

Furthermore, Plaintiff has presented no evidence, and there is no evidence in the record, that Defendant BP exercised any actual control over the Plaintiff or his work. "Operational control exists only if the principal has direct supervision over the step-by-step process of accomplishing the work such that the contractor is not entirely free to do the work in his own way."[47] Based on the contract and on the permit for the work involved in the instant case, there is no evidence that the principal, BP, had direct supervision over Plaintiff's step-by-step process of accomplishing the work such that he was not free to accomplish the work in his own way. For that reason, the Court finds that there is no evidence that Defendant exerted actual operational control over Plaintiff or Mistras's work.

The Court finds that, because Plaintiff has failed to provide any evidence to the contrary, the independent contractor exception applies to the present case. The Court further finds that there is no genuine dispute of material fact that the

---

[45] R. Doc. 25-5 at p. 12.

[46] *See id*. at pp. 14-15.

[47] *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564 (5th Cir. 2003); *see also Wolz v. BP Expl. & Prod., Inc.,* No. CIV.A. 13-5112, 2015 WL 845958, at *4 (E.D. La. Feb. 25, 2015).

principal—BP—is not liable for the actions of its independent contractor and thus Defendant is entitled to judgment as a matter of law.

## B. Independent Negligence

 Defendant next argues that it, as the principal, "did not owe a duty to correct any alleged hazard created by Mistras or any other independent contractor."[48] While the Court has found that there is no evidence that Defendant was liable as principal for its independent contractor's conduct, "the principal…remains liable for its own acts of negligence."[49] "Duty is a question of law."[50]

It is well-settled in the Fifth Circuit that "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm."[51] It follows thus that "owners of offshore platforms owe a duty to employees of their independent contractors to take reasonable steps to ensure a safe working environment."[52] However, "[a] principal generally has no duty to take affirmative steps to ensure the safety of a contractor's employees, but it may assume such a duty by contract or by later going beyond the contract and voluntarily policing the worksite for safety problems."[53]

---

[48] R. Doc. 25-1 at p. 14.
[49] *Hebert v. CXY Energy, Inc.*, 72 F. Supp. 2d 681, 689 (W.D. La. 1999) (citing *Graham v. Amoco Oil Co.,* 21 F.3d 643, 645 (5th Cir. 1994)).
[50] *Graham v. Amoco Oil Co.*, 21 F.3d 643, 647 (5th Cir. 1994).
[51] *Dupre v. Chevron U.S.A., Inc.,* 20 F.3d 154, 157 (5th Cir. 1994) (citation modified).
[52] *Wolz v. BP Expl. & Prod., Inc.*, No. CIV.A. 13-5112, 2015 WL 845958, at *5 (E.D. La. Feb. 25, 2015) (internal quotations omitted).
[53] *Ukudi*, 587 F. App'x at 123.

Here, the Court agrees with Defendant that there is no evidence that Defendant assumed any such duty by contract or by later going beyond the contract and voluntarily policing the worksite or, in this case, the stairwell. Furthermore, the contract between BP and Mistras explicitly provides that "CONTRACTOR shall clean up the WORKSITE after they have finished the WORK. CONTRACTOR shall carefully follow all guidelines for the safe handling and disposal of hazardous chemicals and waste."[54] The contract further sets forth the services to be provided by the COMPANY (BP).[55] None of the responsibilities delineated to BP in the contract include any specific safety obligations. Plaintiff has presented no evidence contrary to the terms of this contract, nor any evidence that the terms of the contract were not followed, and, as a result, there is no genuine dispute of material fact regarding the duty of Defendant as part of a claim of independent negligence.

Accordingly, there are no genuine issues of material fact in this case, and Plaintiff has failed to produce any evidence to the contrary. As a result, Defendant is entitled to judgment as a matter of law, and summary judgment is appropriate on Plaintiff's negligence claim.[56]

## IV.    CONCLUSION

For the foregoing reasons,

---

[54] R. Doc. 25-5 at p. 13.

[55] *Id.* at p. 15.

[56] The Court, having found that Defendant is not liable for the negligent acts or omissions of independent contractors and that Defendant was not independently negligent under Louisiana law, need not address Defendant's argument regarding the medical causation of Plaintiff's injuries.

**IT IS ORDERED** that the Motion for Summary Judgment[57] filed by Defendant BP Exploration & Production, Inc., is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ja'Qualyen Hogan's claim against Defendant BP Corporation North America, Inc., is **DISMISSED with prejudice**. A separate Judgment shall issue.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute and to Comply with Order[58] is **DENIED as moot**.

New Orleans, Louisiana, April 27, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[57] R. Doc. 25.
[58] R. Doc. 22.